Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [1]). Defendant failed to preserve for our review his contention that County Court failed to conduct a sufficient inquiry pursuant to People v Outley (80 NY2d 702 [1993]) into his violation of the conditions of the plea agreement before imposing an enhanced sentence (see generally People v Vaillant, 77 AD3d 1389, 1389-1390 [2010]; People v Dietz, 66 AD3d 1400, 1400 [2009], lv denied 13 NY3d 906 [2009]). Further, inasmuch as defendant conceded that he had lost his sentence cap because of a violation of the conditions of his plea agreement, the court had no independent duty to conduct such an inquiry (see People *1240 v Harris, 197 AD2d 930, 930 [1993], lv denied 82 NY2d 850 [1993]). To the extent that defendant’s further contention that he was denied effective assistance of counsel survives his plea of guilty (see People v Hawkins, 94 AD3d 1439, 1440-1441 [2012], lv denied 19 NY3d 974 [2012]), we reject that contention. We conclude on the record before us that defendant received meaningful representation (see generally People v Ford, 86 NY2d 397, 404 [1995]). Contrary to defendant’s additional contention, the sentence is not unduly harsh or severe. Present — Fahey, J.P, Peradotto, Garni and Sconiers, JJ.